UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PATRICIA KENNEDY, individually

    Plaintiff,

v.                                   Case No:   2:16-cv-133-FtM-99CM

VERCIL E. AND HELENE
SENSEMAN LLP, FAMILY
DOLLAR SERVICE, INC., CITI
TRENDS, INC., SAVERS
LABELLE, INC. and FT. MYERS
CHINA WOK, INCORPORATED,

    Defendants.

## ORDER

This matter comes before the Court upon review of Plaintiff's Motion for Clerk's Entry of Default (Doc. 67) filed on November 21, 2016.  Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, Plaintiff seeks entry of clerk's default against Defendant Ft. Myers China Wok, Incorporated ("China Wok").  Doc. 67.

Plaintiff filed a Complaint (Doc. 1) on February 16, 2016 and an Amended Complaint (Doc. 40) on April 19, 2016 against a number of defendants, including China Wok.  The Amended Complaint substitutes Vercil E. and Helene Senseman, LLP, with FH Southtrail, LLC, as one of the named defendants and does not contain any other substantive changes.  Docs. 1, 40.  China Wok has not responded to Plaintiff's complaints, and its time to do so has expired.  On November 21, 2016, Plaintiff filed a Return of Service.  Doc. 66.

Pursuant to Rule 55(a), Federal Rules of Civil Procedure, "[w]hen a party

against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Similarly, Middle District of Florida Local Rule 1.07(b) provides:

> When service of process has been effected but no appearance or response is made within the time and manner provided by Rule 12, Fed. R. Civ. P., the party effecting service shall promptly apply to the Clerk for entry of default pursuant to Rule 55(a), Fed. R. Civ. P.

M.D. Fla. R. 1.07(b). Prior to directing the Clerk to enter a default, the Court must first determine whether Plaintiff properly effected service of process. *United States v. Donald,* No. 3:09-cv-147-J-32HTS, 2009 WL 1810357, at *1 (M.D. Fla. June 24, 2009).

Service on a corporation can be made by any manner accepted in the state or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process[.]" Fed. R. Civ. P. 4(h)(1)(A), (e)(1). Section 48.081, Florida Statutes, provides a hierarchy for service of process upon a corporation. A private corporation may be served by serving process on the president, vice president, or other head of the corporation, and in the absence of any such persons, on other corporate employees, including any officer or director. Fla. Stat. § 48.081(1)(a)-(d). As an alternative, process may be served on a registered agent of the corporation, or an employee of the registered agent. *Id.* § 48.081(3)(a). If service cannot be made on the registered agent, service of process is permitted on any employee at the corporation's principal place of business or any employee of the registered agent. *Id.*

Here, the Return of Service states that on February 25, 2016, a process server from Caplan, Caplan and Caplan delivered a true copy of the Summons in a Civil Action and Complaint Injunctive Relief Demanded to Jeff, the manager for Ft. Myers China Wok, Incorporated, at 3285 Cleveland Ave, Ste. 10, Fort Myers, FL 33901. Doc. 66. Affidavits by process servers constitute a *prima facie* showing that defendants have been served. *Udoinyion v. The Guardian Sec.,* F. App'x. 731, 735 (11th Cir. 2011) (holding that unsworn and unsigned letters insufficient to call into question *prima facie* evidence of service consisting of process server's sworn return); *Burger King Corp. v. Eupierre,* No. 12-20197-CIV, 2012 WL 2192438, *2 (S.D. Fla. June 14, 2012). Service of process therefore was properly effected under Federal Rule of Civil Procedure 4(h)(1)(A), (e)(1); Fla. Stat. § 48.081(1)(a)-(d).

In addition, service of the Amended Complaint (Doc. 40) upon China Wok is not necessary because China Wok was in default when the Amended Complaint was filed, and changes made in the Amended Complaint are not substantial. *Poitevint v. Dynamic Recovery Servs.,* Inc., No. 3:11-cv-700-J-12TECM, 2011 WL 201493, at *1 (M.D. Fla., Jan. 20, 2011) ("[W]here changes made in an amended complaint are not substantial, the requirement of [Rule 5(a)(2)] that a pleading that states a new claim for relief against a party in default must be served on that party is not applicable.").

Pursuant to Federal Rule of Civil Procedure 12(a)(1)(A), a defendant must serve an answer within 21 days after being served with the summons and complaint. Defendant Ft. Myers China Wok, Incorporated, has failed to do so within the time period; therefore, entry of Clerk's Default pursuant to Rule 55(a) of the Federal Rules

of Civil Procedure and Middle District of Florida Local Rule 1.07(b) is appropriate.

ACCORDINGLY, it is hereby

**ORDERED:**

Plaintiff's Motion for Clerk's Entry of Default (Doc. 67) is **GRANTED**. The Clerk is directed to enter a Clerk's Default against Defendant Ft. Myers China Wok, Incorporated.

**DONE** and **ORDERED** in Fort Myers, Florida on this 22nd day of November, 2016.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record